IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADELA BALL, et al.,

    Plaintiffs

    v.

POSADAS DE PUERTO RICO
ASSOCIATES, L.L.C., et al.,

    Defendants

CIVIL NO. 09-1731 (JP)

## OPINION AND ORDER

Before the Court is Defendants Icon Health & Fitness, Inc., and Lexington Insurance Company's motion for summary judgment (**No. 71**) requesting dismissal of the claims and cross claims against them and Plaintiffs' opposition thereto (Nos. 75 and 76).[1] None of the Defendants with cross claims against Defendants Icon Health & Fitness, Inc., and Lexington Insurance Company opposed the motion. For the reasons stated herein, Defendants' motion for summary judgment is hereby **GRANTED**.

---

1. Also before the Court is Defendants Icon Health & Fitness, Inc., and Lexington Insurance Company's motion to strike Plaintiffs' opposition (**No. 78**) and Plaintiffs opposition thereto (No. 82). Said Defendants request that Plaintiffs' opposition be stricken because Plaintiffs filed their opposition a day after the deadline. In light of the Court's strong preference for resolving cases on the merits and the fact that Plaintiffs' delay causes no prejudice to Defendants, the Court **DENIES** the motion to strike. However, the Court warns the parties that further non compliance with this Court's deadlines will not be tolerated.

CIVIL NO. 09-1731 (JP)          -2-

## I.  **MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE**

The following material facts ("ISC UMF") were deemed uncontested by all parties hereto at the June 11, 2010, Initial Scheduling Conference ("ISC") (No. 65).

1. There is no allegation whatsoever that any other equipment of the fitness facility had any defect or problem related to the damages suffered by Plaintiff.
2. Milton Esteva, d/b/a Fitness & Spa Solutions, provides service upon contract to several clients to maintain and repair fitness equipment.
3. El San Juan Hotel & Casino and Milton Esteva subscribed a contract in order to obtain preventive maintenance and service to some specific equipment property of the hotel.
4. The equipment included in the contract were taxatively named in the contract.
5. Milton Esteva was not the manufacturer of the rubber fitness ball involved in the accident object of this case.
6. Icon Health & Fitness, Inc. is a privately held Delaware corporation headquartered at 1500 South 1000 West, Logan, Utah 84321.
7. Icon Health & Fitness, Inc. is a manufacturer, developer, and marketer of fitness equipment.
8. Icon Health & Fitness, Inc. manufactures NordicTrack exercise balls.

CIVIL NO. 09-1731 (JP)            -3-

9. Lexington Insurance Company is an insurance company that provided an insurance policy to Icon Health & Fitness, Inc. Said insurance policy will cover in excess of one million dollars.

10. Icon Health & Fitness, Inc. was never retained and/or contracted to provide servicing or maintenance to the exercise ball here in question.

11. Wyndham El San Juan Hotel and Casino and its fitness center are owned and operated, through a d/b/a, by Posadas de San Juan Associates.

12. The contract between EDP Conqui and Wyndham El San Juan Hotel and Casino states that EDP Conqui is responsible for the daily upkeep and light maintenance of the fitness center.

13. El San Juan Hotel and Casino is a hotel facility located at Isla Verde Ave., Carolina, Puerto Rico and is owned by Posadas de San Juan Associates, a general partnership organized under the laws of New York.

14. On August 11, 2008, Integrand Assurance Company was the liability insurer of EDP Salon, Inc.

15. On August 11, 2008, Lexington Insurance Company was the liability insurer of co-defendant Icon Health & Fitness, Inc.

CIVIL NO. 09-1731 (JP)        -4-

16. On August 11, 2008, Adela Ball visited the Fitness Center located at El San Juan Hotel & Casino.

17. EDP obtained a Commercial General Liability Policy with Integrand Assurance Company, for the limits established in the contract.

18. Plaintiffs Adela Ball and Raymond Ball are of legal age, are married to each other, with residence and domicile at 512 Reservoir Road, West Chester, PA 19380.

19. Icon Health & Fitness, Inc. is an entity organized under the laws of a State other than the state of Pennsylvania, with the capacity to sue and be sued, which manufactured the exercise ball involved in this case.

20. Plaintiff Adela Ball retrieved the rubber fitness ball and 2-5 pound hand-held weights to start her chest strengthening exercise.

The following facts are deemed uncontested ("UMF") by the Court because they were included in the motion for summary judgment and opposition and were agreed upon, or they were properly supported by evidence and not genuinely opposed.

1. On August 11, 2008, Adela Ball was a guest at El San Juan Hotel & Casino (the "Hotel").

2. On August 11, 2008, Adela Ball used the exercise ball involved in this case in the exercise facility of the Hotel.

CIVIL NO. 09-1731 (JP)            -5-

3. On August 11, 2008, the exercise ball that was being used by Adela Ball at the exercise facility of the Hotel exploded.

4. At the time of the subject incident, Icon Health & Fitness, Inc. had not sold or distributed any NordicTrack exercise balls intended for commercial use.

5. The exercise ball in question in the present case is a NordicTrack No. NTTB6505 Torso Ball.

6. Adela Ball used the above-referenced ball in the Hotel's gym facilities.

7. Said product was designed for residential use only.  The owner's manual specifically contained this warning: "The exercise ball is intended for home use only.  Do not use the Exercise ball in a commercial, rental, or institutional setting."

8. Jose Rivera is the Hotel's Purchasing Director.

9. Jose Rivera is the person in charge of all the purchases of goods and equipment for the gym's facilities.

10. Milton Esteva is the owner of Fitness Solutions Corporation.

11. Milton Esteva has eight (8) years of experience in exercise balls.

12. A gym facility such as the one used by Adela Ball calls for equipment intended for commercial use only.

CIVIL NO. 09-1731 (JP)           -6-

13. An exercise ball intended for residential use, as the one in the present case, should have never been put in the Hotel's gym.

14. The use intended for an exercise ball designed for residential use is different in nature from that of an exercise ball intended for commercial use.

15. The effect of putting a non commercial ball in a fitness center is that it degrades quicker and is not able to perform as it is supposed to on the commercial environment.  Also when a person purchases an exercise ball designed for residential use, they have access to the manual and are therefore familiar with the intended use and potential misuse that could result in damage to the ball. When it is a commercial ball the same is subject to more rigorous testing so that they can be used by persons who may not have access to the user's manual.

16. The design and processes that undertake an exercise ball intended for residential use are different from the ones of an exercise ball intended for commercial use in that commercial balls are more rigorously tested.  Also the uncontrolled nature of an exercise facility requires commercial balls to have higher ratings and larger safety factors than the ones required for residential balls.

CIVIL NO. 09-1731 (JP)          -7-

    17.    The exercise ball in question was not used according to its intended use.

## II. **LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Zambrana-Marrero v. Suárez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993); Canal Ins. Co. v. Benner, 980 F.2d 23, 25 (1st Cir. 1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this way, a fact is material if, based on the substantive law at

CIVIL NO. 09-1731 (JP)          -8-

issue, it might affect the outcome of the case.  See Mack v. Great Atl. and Pac. Tea Co., Inc., 871 F.2d 179, 181 (1st Cir. 1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. See Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324; Goldman, 985 F.2d at 1116.

### III. ANALYSIS

Defendants Icon Health & Fitness, Inc. and Lexington Insurance Company argue that their summary judgment motion should be granted because the uncontroverted evidence shows that the exercise ball in the instant case was not used in its intended manner.  As such, said Defendants argue that the claims and cross claims against them should be dismissed.  Plaintiffs' oppose the motion.  The Court will now consider the parties' arguments.

#### A. Products Liability

Plaintiffs bring claims of products liability against Icon Health & Fitness, Inc., the manufacturer of the exercise ball which

CIVIL NO. 09-1731 (JP)          -9-

exploded while Plaintiff Adela Ball was exercising on it.  Plaintiffs also bring claims against Lexington Insurance Company, Icon Health & Fitness, Inc.'s insurer.

> Under Puerto Rico law, a design of a product is defective:
>
> when a product fails to perform as safely as would be expected by an ordinary user when the product is being used for its intended use or for which it could foreseeably be used, or when the product design is the proximate cause of the damages and defendant fails to show that in the balance of interests the benefits of the design in question surpass the inherent risks of danger in the design.

Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 26 (1st Cir. 1998); see also Carballo-Rodríguez v. Clark Equipment Co., Inc., 147 F. Supp. 2d 66, 71 (D.P.R. 2001).

In the instant case, Plaintiff Adela Ball was injured when she used an exercise ball located in the fitness center of the Hotel.  Defendant Icon Health & Fitness, Inc., manufactured the exercise ball involved in this case.  ISC UMF 19.  Defendants Icon Health & Fitness, Inc. and Lexington Insurance Company argue that they are not liable for the damages suffered by Plaintiffs when the ball exploded while Plaintiff Adela Ball was on it.  Specifically, they argue that the ball was not being used according to its intended use because the ball was intended for home use only and, in the instant case, the ball was not being used in a home since it was used in the gym of the Hotel.

CIVIL NO. 09-1731 (JP)            -10-

Plaintiffs counter that summary judgment should not be granted because there are genuine issue of material facts as to: (1) whether the ball used by Plaintiff Adela Ball was the model identified by Laurel Jensen ("Jensen"), Defendants' expert; (2) how the exercise facility at the Hotel operates; and (3) whether the ball was being used properly. The Court notes that the arguments raised by Plaintiffs do not directly address the legal arguments raised by Defendants. Instead, Plaintiffs attempt to raise a genuine issue of material fact by questioning the conclusions of Defendants' expert.

### 1. Identification of the ball by Defendants' expert

Jensen identified the ball in question here as a NordicTrack No. NTTB6505 Torso Ball in his expert report (No. 71-3).

Plaintiffs did not present any expert evidence to the Court contradicting the conclusion of Defendants' expert. Instead, Plaintiffs argue that there is a question of material fact for the fact finder as to whether the ball is the NordicTrack No. NTTB6505 Torso Ball because the ball in question did not have a serial number. Plaintiffs also question Jensen's conclusion because said expert determined the model of the ball based on a visual examination of the ball, and on information provided by unidentified people responsible for purchasing these types of exercise balls. Lastly, Plaintiffs argue that Defendants' expert relied on an engineering cover letter dated August 29, 2005 for another ball to identify the model of the ball in the instant case.

CIVIL NO. 09-1731 (JP)        -11-

After considering the arguments, the Court finds that Plaintiffs failed to show that there is a question of material fact regarding whether the ball in question here is the NordicTrack No. NTTB6505 Torso Ball. With the regard to Plaintiffs' argument that there is a question of material fact because the ball did not have a serial number, the Court finds that said argument lacks merit. Jensen stated that those types of exercise balls do not have serial numbers (No. 76-1, pp. 8-9). Plaintiffs did not present any evidence that said exercise balls had serial numbers. Therefore, if anything, the fact that the ball in question does not have a serial number would support the assessment by Defendants' expert that the ball is a NordicTrack No. NTTB6505 Torso Ball.

Plaintiffs also argue that there is a question of material fact as to the model of the ball because Defendants' expert performed a visual examination of the ball and because said expert relied on individuals who purchased these types of balls. Plaintiffs' argument fails. First, the fact that Jensen conducted a visual examination of the ball in no way calls into question his conclusion without more. In the instant case, Plaintiffs have not presented any arguments or evidence regarding alternative methods for examining the ball. Further, Jensen's expert report shows that his examination was thorough (No. 71-3). Also, the fact that Defendants' expert relied on the opinion of individuals who are responsible for purchasing

CIVIL NO. 09-1731 (JP)          -12-

these types of exercise balls does not create a question as to whether the ball is the model claimed by Jensen.

Lastly, Plaintiffs argue that there is a question of material fact based on the testimony by Jensen that he relied on an engineering cover letter dated August 29, 2005 of another fitness ball to identify the alleged model of the fitness ball in this case. After examining the record, the Court disagrees with Plaintiffs' interpretation of the statements by Jensen.  At no point did Defendants' expert state that he relied on said engineering cover letter to identify the model of the ball in this case.  Instead, the expert stated that said engineering letter was provided to him after the ball had been identified as a NordicTrack No. NTTB6505 Torso Ball in order to inform him of what type of information would have been provided with said ball (No. 76-1, pp. 94-95).  Accordingly, the Court finds that there are no genuine issues of material fact as to whether the ball in question is a NordicTrack No. NTTB6505 Torso Ball.

**2. Jensen's conclusion about the operation of the Hotel's exercise facility**

Plaintiffs argue that there is a question of material fact as to the conclusions by Defendants' expert regarding the characteristics of the Hotel's gym and how the Hotel's gym operates. They argue that his conclusions are not reliable because his conclusions regarding the characteristics and the operation of the

CIVIL NO. 09-1731 (JP)              -13-

Hotel's gym are based on his own visits to motels and not on an examination of the Hotel (No. 76-1, pp. 56-59).

The Court will not waste time on this issue. Put simply, contrary to Plaintiffs' contention, Defendants' expert made no conclusions as to the gym of the Hotel. In his expert report, Defendants' expert explains the procedures followed in most fitness facilities located in hotels and not the specific gym at the Hotel (No. 71-3).

Furthermore, the only specific evidence pointed to by the parties as to the Hotel's gym is that an exercise ball for residential use such as the NordicTrack No. NTTB6505 Torso Ball should not have been placed in a commercial facility such as the Hotel's gym. UMF 12 and 13. The evidence to support said statement came in the form of testimony from Jose Rivera and Milton Esteva (Nos. 71-5, p. 48; and 71-7, pp. 37, 43-44), and not from Defendants' expert. As such, Plaintiffs' argument regarding Defendants' expert is unpersuasive.

### 3. Jensen's conclusion regarding misuse of the ball

In his report, Jensen concluded that the ball that was not used for its intended purpose because it was meant for home use only (No. 71-3).

Plaintiffs argue that there is a question of material fact as to whether the ball in the instant case was misused. Plaintiffs argue that Plaintiff Adela Ball used the exercise ball properly by

CIVIL NO. 09-1731 (JP)          -14-

drawing a distinction between the use given to the ball by Plaintiff Adela Ball herself and the use of the ball outside of a residential setting. Plaintiffs state that there is a question of material fact regarding whether the ball was misused because, while Jensen concluded that the ball was misused when it was not used in a residence, Jensen also testified that Adela Ball's use of the ball would have been proper had the ball been used in a residential location.

After considering the argument, the Court disagrees with Plaintiffs. The problem with Plaintiffs' argument is that, even if the use given to the ball by Plaintiff Adela Ball would have been proper if the ball were used residentially, the facts in this case show that the ball was not used in a residence, but instead was used in the Hotel's gym. UMF 2 and 3. As such, the conclusion by Jensen that the ball was misused because it was being used outside of a residential setting is still accurate.

### 4. Court's ruling on Defendants' motion for summary judgment.

After considering the arguments and evidence before the Court, the Court **GRANTS** Defendants' motion for summary judgment because the uncontested facts in the instant case show that the exercise ball was misused. The fitness center of the Hotel calls for equipment intended for commercial use only. UMF 12. However, the exercise ball in the instant case was designed for residential use. UMF 7.

CIVIL NO. 09-1731 (JP)            -15-

In fact, the owner's manual of the ball states "[t]he exercise ball is intended for home use only.  Do not use the Exercise Ball in a commercial, rental, or institutional setting."  UMF 7.

The use intended for a residential exercise ball is different in nature from the intended use of a commercial exercise ball. UMF 14.  Non-commercial exercise balls which are placed in a fitness center tend to degrade quicker and do not perform how they are supposed to in a commercial environment.  UMF 15.  People who purchase residential exercise balls also have access to the manual and therefore are more familiar with the intended use and potential misuse that could cause damage to said ball.  UMF 15.

A commercial exercise ball, on the other hand, is subject to more rigorous testing in order for it to be used by people who may not have access to the user's manual.  UMF 15.  As such, the Court concludes that a residential exercise ball, such as the one in the instant case, should not have been located in the fitness center of the Hotel.  Accordingly, the Court finds that Defendants Icon Health & Fitness, Inc. and Lexington Insurance Company are entitled to summary judgment on the claims and cross claims against them because the residential exercise ball in the instant case was misused when said ball was used in the fitness center of the Hotel and not residentially.

CIVIL NO. 09-1731 (JP)             -16-

## IV.  CONCLUSION

In conclusion, the Court **GRANTS** Defendants Icon Health & Fitness, Inc. and Lexington Insurance Company's motion for summary judgment.  The Court will enter a separate judgment dismissing the claims and cross claims against Defendants Icon Health & Fitness, Inc. and Lexington Insurance Company.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of October, 2010.

                                                    s/Jaime Pieras, Jr.
                                                   JAIME PIERAS, JR.
                                          U.S. SENIOR DISTRICT JUDGE